BEFORE THE SECOND DIVISION, MAY 27, 1953

**No. 57353.**—Damian del Moral *v.* United States, petitions 6866–R and 6918–R (San Juan, P. R.).

RAO, Judge: The two petitions listed above, which were consolidated for the purposes of trial, were filed with the collector of customs at the port of San Juan, Puerto Rico, for the remission of additional duties assessed against several importations of Edam cheese from Holland.

It appears from the record in this case that the involved entries were made at the subport of Mayaguez, Puerto Rico, by Mrs. Bertha F. Mellowes, petitioner's secretary, who was in charge of customs matters for petitioner. Prior to filing these entries, Mrs. Mellowes, as was her usual practice, proceeded to the customhouse to consult the then appraiser, Julius. L. Pietrantoni. She presented to him all the invoices and all the papers pertaining to these entries and requested information as to value. Pursuant to her request, the appraiser advised Mrs. Mellowes as to the price per 100 units, less allowable discounts and nondutiable charges.

At the time of these conferences, neither Mrs. Mellowes nor the appraiser noticed that the shipper had deducted from the invoice prices a 5 per centum buying commission and a cash discount of 3 per centum. Although the so-called buying commission was not a deductible item, and the cash discount was reflected in the invoice prices, the appraiser approved the proposed entered figures, in the making of which Mrs. Mellowes had inadvertently deducted an additional 3 per centum cash discount, and had failed to add back the 5 per centum buying commission.

The appraiser testified that at the time the entries were filed he did not notice the mistake. If he had, he would have given Mrs. Mellowes an opportunity to amend the entries because she had made a complete disclosure to him, and her good faith was evident. When he did discover the error, it was too late for petitioner to amend. The merchandise was, therefore, appraised at the invoiced prices per 100 kilograms, less 3 per centum cash discount, less nondutiable charges. Since the appraised values exceeded the entered values, additional duties for

undervaluation were assessed, pursuant to the provisions of section 489 of the Tariff Act of 1930.

We are satisfied from the evidence in this case that the undervaluation of the importations here involved occurred by reason of an honest mistake on the part of petitioner's employee. In entering the merchandise at less values than those returned by the appraiser, petitioner was without intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petitions are, therefore, granted. Judgment will be entered accordingly.